UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

FRANK A. ROBINSON,                              Case No. 6:12-cv-02175-HA

      Plaintiff,                             OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

---

HAGGERTY, District Judge:

    Plaintiff Frank A. Robinson seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Acting Commissioner's

decision under 42 U.S.C. § 405(g).  After reviewing the record, this court concludes that the

Acting Commissioner's decision must be AFFIRMED.

OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

OPINION AND ORDER- 2

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born in 1978 and was thirty years old at the time of his alleged disability onset date. He protectively filed his application for benefits on January 22, 2009, alleging an onset date of April 1, 2008 based on a number of physical impairments, including: degenerative disc disease, carpal tunnel syndrome, ankylosis of the third digit of the left hand, and tendonitis in his left foot. His date last insured was June 30, 2013. Plaintiff's application was denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on April 20, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel. At this hearing, the ALJ determined that the administrative record was incomplete and a second hearing was held on June 30, 2011. At the second hearing, the ALJ heard testimony from plaintiff, who was represented by counsel; an impartial medical expert (ME); and an impartial vocational expert (VE). The ALJ found that plaintiff suffered from the following severe impairments: "mild degenerative disc disease of the thoracic spine with T7-T8 herniation, mild degenerative disc disease of the lumbar spine, carpal tunnel syndrome of the left upper extremity, ankylosis of the third digit of the left hand, tendonitis of the left lower extremity, and headaches secondary to paranasal sinus disease."

OPINION AND ORDER- 3

Tr. 23, Finding 3.[1]  The ALJ determined that plaintiff's severe impairments did not meet or equal

a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 24, Finding 4.  The ALJ

determined that plaintiff has the RFC to perform light work as defined in 20 C.F.R. §

404.1567(b) except that he requires a sit/stand option, cannot stoop, walk on uneven terrain, or

climb ladders, ropes, or scaffolds, can only peform other postural activities occassionally, and

can perform fine manipulation with his left hand no more than frequently.  Tr. 24, Finding 5.

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff

was able to perform his past relevant work as a bank teller and casino cashier.  Tr. 30, Finding 6.

Therefore, on August 5, 2011, the ALJ issued a decision finding that plaintiff was not disabled as

defined in the Social Security Act.  The Appeals Council denied plaintiff's request for

administrative review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Acting Commissioner's

final decision for an immediate award of benefits because the ALJ improperly rejected the

opinions of treating physicians, improperly rejected plaintiff's testimony, and improperly rejected

the lay witness testimony of plaintiff's spouse.

### 1.    Treatment Providers' Opinions

Plaintiff contends that the ALJ improperly rejected the opinions of treating physician

Flora Fazeli, M.D. and acupuncturist Gene Bruno, Oriental Medicine Doctor.  Each treatment

---

[1] Tr. refers to the Transcript of the Administrative Record.

provider's opinion was submitted by plaintiff to the ALJ on a form titled "Medical Opinion Re: Ability to do Work-related Activities (Physical)." Tr. 27. The court first addresses the ALJ's rejection of Dr. Fazeli and then turns to the rejection of Dr. Bruno.

a.    Dr. Fazeli

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

The opinion of a non-examining physician alone cannot constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Id.* at 831 (citations omitted). However, the ALJ may reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing). If the ALJ decides to reject a treating physician's opinion, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, explain his or her interpretation thereof, and make findings. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-01 (9th Cir. 1999).

OPINION AND ORDER- 5

The ALJ rejected the contradicted opinion of Dr. Fazeli for two reasons. First, the ALJ noted that Dr. Fazeli's signature is illegible and Dr. Fazeli's other records indicated that she had refused to provide a functional capacity opinion. Tr. 27. Second, the ALJ found that even if Dr. Fazeli was the author of the opinion, it was inconsistent with the medical record as a whole and the objective findings of the ME at the hearing. The first reason provided by the ALJ may constitute legal error as the ALJ has a duty to develop the record and should have contacted Dr. Fazeli to determine the authenticity of the opinion. However, any error was harmless as the ALJ's second reason was specific and legitimate. *Bayliss*, 427 F.3d at 1216. The ALJ provided a thorough recitation of the facts and noted the opinions of numerous medical sources that conflicted with the opinion of Dr. Fazeli. The ALJ is charged with resolving conflicts in the evidence, and his findings must be upheld if supported by substantial evidence. *Reddick*, 157 F.3d at 720-21.

      b.    Dr. Bruno

As a Doctor of Oriental Medicine, Dr. Bruno is not considered to be an "acceptable medical source" under the regulations. *See* 20 C.F.R. §§ 404.1513(a); 416.913(a). Nevertheless, the ALJ must consider his opinions as an "other source" to determine the severity of plaintiff's impairments and how they affect his ability to work. 20 C.F.R. §§ 404.1513(d); 416.913(d). Opinions from other sources should be evaluated based on the nature and extent of the source's relationship with the claimant, the source's expertise in relation to the claimant's impairments, whether the opinion is consistent with other evidence, whether the opinion is supported by the relevant evidence, how well the source explains the opinion, and any other factors. Social Security Ruling (SSR) 06-03p at *4-5. As an other source opinion, the ALJ was permitted to

OPINION AND ORDER- 6

disregard Dr. Bruno's opinion if he gave reasons germane to the witness for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-34 (9th Cir. 2010).

In this matter, the ALJ provided germane reasons for disregarding the opinion of Dr. Bruno. The ALJ noted that Dr. Bruno did not have an extensive treatment relationship with plaintiff and did not see him until 2011. Tr. 27. Additionally, the ALJ found that Dr. Bruno's treatment notes had few objective findings, and those treatment notes that did include objective findings were inconsistent with the functional capacity Dr. Bruno reported. Tr. 27-28. Lastly, the ALJ found that plaintiff "repeatedly demonstrated the ability to perform at considerably higher exertional levels than [Doctor of Oriental Medicine] Bruno suggested." Tr. 28. Each of these are valid and germane reasons for disregarding Dr. Bruno's opinion.

### 2.    Plaintiff's credibility

Plaintiff contends that the ALJ improperly rejected his subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ must engage in a two-step analysis. *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012) (citations omitted). First, the ALJ must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citations and quotation omitted). If the claimant has presented such evidence, and no evidence of malingering exists, then the ALJ must give "specific, clear and convincing reasons" to reject the claimant's testimony about the severity of his or her symptoms. *Id.* (citation omitted).

The ALJ, however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. §

OPINION AND ORDER- 7

423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Instead, the ALJ may use

"ordinary techniques of credibility evaluation" to evaluate the claimant's testimony. *Molina*, 674

F.3d at 1112 (citation omitted). The ALJ may consider inconsistencies in the claimant's

testimony or between the testimony and the claimant's conduct; unexplained or inadequately

explained failures to seek treatment or to follow a prescribed course of treatment; and "whether

the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (citations

and quotation omitted). The ALJ also may discredit a claimant's testimony when the claimant

"reports participation in everyday activities indicating capacities that are transferable to a work

setting." *Id.* at 1113 (citations omitted). "Even where those activities suggest some difficulty

functioning, they may be grounds for discrediting the claimant's testimony to the extent that they

contradict claims of a totally debilitating impairment." *Id.*

Here, the ALJ concluded that plaintiff's statements concerning the intensity, persistence,

and limiting effects of his impairments were not fully credible. Tr. 29. The ALJ noted that the

objective evidence in the record did not support claimant's allegations of disabling pain,

including the fact that no physician had found him to be a surgical candidate as his degenerative

disc disease is mild. Additionally, the ALJ noted that plaintiff reports worsening symptoms even

though objective testing demonstrates he is medically stationary. *Id.* The ALJ also noted that

plaintiff claimed that the bulging disc in his neck is a serious problem when the disc in his neck

is not in fact bulging. The ALJ noted that there is affirmative evidence of malingering as both a

physician and physical therapist opined that plaintiff was not putting forth sufficient effort in

physical examinations and was exaggerating his symptoms. Tr. 30.

Even though the record presents affirmative evidence of malingering, the ALJ still

OPINION AND ORDER- 8

provided clear, convincing, and specific reasons for rejecting plaintiff's testimony. Each of the many reasons provided by the ALJ for rejecting plaintiff's testimony were clear, convincing and specific. The court finds no error in the ALJ's credibility assessment.

### 3.    Lay Testimony

Plaintiff asserts that the ALJ improperly rejected the lay witness testimony presented by plaintiff's spouse. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

The ALJ gave limited weight to the opinion of plaintiff's spouse because she underestimated his exertional limitations in conflict with objective testing, there was evidence suggesting she was seeking secondary gain, and because she was "parroting" plaintiff's complaints, which, as discussed above, were properly rejected. Tr. 28-29, 292. These reasons are germane to the testimony rejected and are supported by substantial evidence.

## CONCLUSION

For the reasons provided, this court concludes that the decision of the Acting Commissioner denying Frank A. Robinson's application for DIB must be AFFIRMED.

IT IS SO ORDERED.

DATED this _21_ day of March, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 9